UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE VAIL,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF SACRAMENTO,<br><br>    Defendant. | No.  2:16-cv-2673 DB PS<br><br><br>ORDER |

This action came before the undersigned on August 25, 2017, for hearing of defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] (ECF No. 25.) Plaintiff Terrence Vail appeared on his own behalf. Attorney Melissa Bickel appeared on behalf of the defendant. After hearing oral argument, defendant's motion was taken under submission.

For the reasons stated below, defendant's motion to dismiss is granted and plaintiff is granted leave to file an amended complaint.

BACKGROUND

Plaintiff commenced this action on November 10, 2016, by filing a complaint and paying the required filing fee. (ECF No. 1.) The complaint alleges that in July of 2010, plaintiff signed a

---

[1] The parties have consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c)(1). (ECF No. 12.)

1

three-year lease for a warehouse located at 315 N. 10th Street, in Sacramento, CA, and on October 26, 2010, plaintiff "was properly registered and operating within" the city of Sacramento as a medical marijuana dispensary. (Compl. (ECF No. 1) at 3.[2]) On November 9, 2010, defendant City of Sacramento "adopted regulations for medical marijuana dispensaries within the city." (Id.) The regulations established "a comprehensive, two-phase permitting process . . . ." (Id.)

Plaintiff expended $15,000 on repairs to the warehouse and $25,000 on equipment. (Id.) Plaintiff also expended $5,000 on a Conditional Use Permit application fee and $2,000 for "site preparation documents." (Id. at 4.) In March of 2011, defendant denied plaintiff's Conditional Use Permit application. (Id.) Thereafter, defendant "allowed a new dispensary ('Two Rivers') to operate at" 315 N. 10th Street. (Id.)

The complaint alleges that the defendant "knowingly facilitated, approved and allowed Two Rivers to obtain and operate an invalid dispensary permit at Plaintiff's original location." (Id.) Specifically, defendant "allowed Two Rivers to circumvent the requirements of City Ordinance 17.228.755" which required, in part, that a dispensary's application be for a location established as of October 26, 2010. (Id.)

"Plaintiff appealed and was permitted to move to another location" in Sacramento, 7551 14th Avenue. (Id.) Defendant identified this new location as plaintiff's "original location" instead of 315 N. 10th street. (Id.) The permitting process was put on hold by the City of Sacramento until October 2013. (Id. at 5.) Plaintiff submitted his "Phase 2 application by the" due date, which was March 31, 2014. (Id.) In connection with that application plaintiff paid the City of Sacramento an additional $13,000. (Id.)

On September 16, 2014, the City of Sacramento notified plaintiff that he had failed to file a "Conditional Use Permit application." (Id.) In this regard, because plaintiff's location had changed from 315 N. 10th Street to 7551 14th Avenue, plaintiff was required to obtain a Conditional Use Permit for 7551 14th Avenue "or obtain a waiver from the Planning Commission." (Id.) Other dispensaries were not subjected to this same requirement. (Id.)

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

Moreover, plaintiff was notified that he could not obtain a Conditional Use Permit for 7551 14th Avenue because that location was within 600 feet of a school or park. (Id. at 5-6.) Plaintiff believes that the City of Sacramento's measurement was inaccurate. (Id. at 5.) Plaintiff was told he had until December 31, 2014, to submit a new application for a Conditional Use Permit, but was later told that the City of Sacramento's offices would be closed on December 31, 2014. (Id. at 6.)

In November of 2014, the Sacramento City Council voted to amend the Medical Marijuana Dispensary ordinance to permit "dispensaries to extend the requirement to obtain an Operations Permit" from December 31, 2014, to May 31, 2015. (Id.) However, Conditional Use Permit applications still had to be completed by December 31, 2014. (Id.) Plaintiff's dispensary was the only dispensary that had yet to submit an application for a Conditional Use Permit. (Id.) In 2016, the Sacramento City Council amended the City of Sacramento's dispensary ordinance "to allow two dispensaries to close and relocate under specific guidelines." (Id. at 7.)

Based on these allegations, the complaint asserts causes of action for "Violation of Fundamental Vested Right," "Substantive Due Process of Law," "Equal Protection," and "Taking without Just Compensation." (Id. at 7-10.) Defendant filed an answer on February 23, 2017. (ECF No. 4.) On June 20, 2017, defendant filed the pending motion to dismiss. (ECF No. 16.) Plaintiff filed an opposition on July 28, 2017. (ECF No. 20.) Defendant filed a reply on August 9, 2017. (ECF No. 22.) On August 11, 2017, plaintiff filed another opposition to defendant's motion. (ECF No. 23.) And on August 17, 2017, plaintiff filed a sur-reply.[3] (ECF No. 24.)

STANDARDS

I. Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal

---

[3] The filing of a second opposition or a sur-reply is not authorized by the Federal Rules of Civil Procedure or the Local Rules. See Fed. R. Civ. P. 12; Local Rule 230. Nonetheless, in light of plaintiff's pro se status, the undersigned has reviewed plaintiff's filings and considered them in evaluating defendant's motion.

theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

4

ANALYSIS

Although defendant's motion to dismiss purports to be brought pursuant to Rule 12(b)(6), defendant filed an answer to plaintiff's complaint on February 23, 2017—prior to filing the motion to dismiss on June 20, 2017. (ECF No. 4.) Rule 12(b) states that a motion brought pursuant to Rule 12(b)(6) "must be made before" the filing of an answer. See Elvig v. Calvin Presbyterian Church, 375 F.3d 951, 954 (9th Cir. 2004) ("A Rule 12(b)(6) motion must be made before the responsive pleading.").

While the defendant cannot bring a 12(b)(6) motion after filing an answer, the defendant may move for judgment on the pleadings pursuant to Rule 12(c). Rule 12(c) of the Federal Rules of Civil Procedure provides that: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." In reviewing a motion brought under Rule 12(c), the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the nonmoving party." Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009). In this regard, the same legal standard applicable to a Rule 12(b)(6) motion applies to a Rule 12(c) motion. Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989).

Accordingly, the court will treat defendant's motion as a motion to dismiss pursuant to Rule 12(c). Defendant's motion to dismiss argues, in relevant part, that plaintiff's complaint "was filed after the statute of limitations expired." (Def.'s MTD (ECF No. 16-1) at 10.) In this regard, plaintiff's complaint was brought "pursuant to 42 U.S.C. § 1983 . . . ." (Compl. (ECF No. 1) at 1.)

Title 42 U.S.C. § 1983 provides that,

> [e]very person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983 does not contain a specific statute of limitations. "Without a federal limitations period, the federal courts 'apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling,

except to the extent any of these laws is inconsistent with federal law.'" Butler v. National Community Renaissance of California, 766 F.3d 1191, 1198 (9th Cir. 2014) (quoting Canatella v. Van De Kamp, 486 F.3d 1128, 1132 (9th Cir. 2007)); see also Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004). Before 2003, California's statute of limitations for personal injury actions was one year. See Jones, 393 F.3d at 927. Effective January 1, 2003, however, that limitations period became two years. See id.; Cal. Code Civ. P. § 335.1.

Here, plaintiff commenced this action on November 10, 2016. (ECF No. 1.) Thus, any claims accruing prior to November 10, 2014, would be barred by the applicable statute of limitations. The complaint alleges that the City of Sacramento denied plaintiff's Conditional Use Permit application in March of 2011. (Compl. (ECF No. 1) at 4.) Moreover, on September 16, 2014, the City of Sacramento notified plaintiff that he failed to file a subsequent Conditional Use Permit application.[4] (Id. at 5.) These allegations, however, occurred prior to November of 2014.

There appears to be only two allegations found in the complaint that potentially post-date the November 10, 2014 deadline. In this regard, the complaint alleges "that in late November 2014, the City Council voted to amend the Medical Marijuana Dispensary ordinance," and that "in December, the City told Plaintiff that their offices would be closed on December 31, 2014 . . . ." (Compl. (ECF No. 1) at 6.) It is unclear, however, how these allegations alone would support a cause of action pursuant to 42 U.S.C. § 1983.

## LEAVE TO AMEND

For the reasons stated above, defendant's motion to dismiss will be granted. The undersigned has carefully considered whether plaintiff could amend the complaint to state a claim upon which relief can be granted that is not barred by the applicable statute of limitations. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have

---

[4] It seems from the allegations found in the complaint that plaintiff may not have submitted a subsequent Conditional Use Permit application. (Compl. (ECF No. 1) at 7.)

6

to allow futile amendments). However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972)); see also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

Here, at the August 25, 2017 hearing, plaintiff raised allegations he believed stated a cause of action and that post-dated November of 2014. Accordingly, the court cannot yet say that granting leave to amend would be futile. Plaintiff will, therefore, be granted leave to file an amended complaint.

Plaintiff is cautioned, however, that if plaintiff elects to file an amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings. The amended complaint will supersede the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in any amended complaint plaintiff may elect to file, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff is cautioned that any amended complaint which plaintiff may elect to file must also include concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims.

CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that:

1. Defendant's June 20, 2017 motion to dismiss (ECF No. 16), is granted;

2. Plaintiff's November 10, 2016 complaint (ECF No. 1) is dismissed with leave to amend;

3. Within twenty-eight days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice. The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint"; and

4. Plaintiff is cautioned that the failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

Dated: February 5, 2018

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.consent/vail2673.mtd.ord