UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE VAIL, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF SACRAMENTO, <br><br> Defendant. | No. 2:16-cv-2673 DB PS <br><br> ORDER AND <br> <u>FINDINGS AND RECOMMENDATIONS</u> |

Pending before the court are defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, plaintiff's motion for leave to amend, and plaintiff's motions for default judgment. (ECF Nos. 47, 49, 50, 54.) Plaintiff and defendant City of Sacramento previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c)(1). (ECF No. 12.)

However, as explained below, plaintiff is now proceeding on an amended complaint that names additional defendants who have not appeared in this action. "28 U.S.C. § 636(c)(1) requires the consent of all plaintiffs and defendants named in the complaint—irrespective of service of process—before jurisdiction may vest in a magistrate judge to hear and decide a civil case that a district court would otherwise hear." <u>Williams v. King</u>, 875 F.3d 500, 501 (9th Cir. 2017).

////

1

Accordingly, this action can no longer proceed as a consent case and a District Judge must be assigned. Moreover, for the reasons stated below, the undersigned will recommend that defendant's motion to dismiss be granted in part, and that plaintiff's motions for leave to amend and default judgment be denied.

**BACKGROUND**

Plaintiff commenced this action on November 10, 2016, by filing a complaint and paying the required filing fee. (ECF No. 1.) On February 6, 2018, the court dismissed plaintiff's complaint and granted plaintiff leave to file an amended complaint. (ECF No. 26.) Plaintiff filed an amended complaint on June 21, 2018. (ECF No. 33.)

Therein, plaintiff alleges that plaintiff, "a protected, Iraqi Wartime military veteran," is the owner of "SACSTERDAM COLLECTIVE dba POWER INN WELLNESS DISPENSARY, a medical marijuana dispensary lawfully operating in Sacramento County[.]" (Am. Compl. (ECF No. 33) at 2.[1]) On November 9, 2010, the Sacramento City Council, ("the City"), "adopted regulations for medical marijuana dispensaries within the city." (Id. at 6.) Specifically, the City "designed a conditional-use permitting process for the operation of retail dispensaries selling medical cannabis to qualified patients," and setting a limit of 39 such permits. (Id.) "As Plaintiff . . . was properly registered and operating within the city . . . Plaintiff was allowed to apply for the required permits to operate as a dispensary." (Id.)

On October 18, 2011, the City put the permitting process "on an indefinite 'Administrative hold[.]'" (Id. at 21.) The City lifted this hold in October of 2013. (Id.) "The City notified all applicants that the process was restarted and that all dispensaries must file Phase 2 applications by March 31, 2014." (Id.) Plaintiff submitted a Phase 2 application and "paid the City an additional fee of $12,600." (Id.)

However, on September 16, 2014, plaintiff received a letter advising that plaintiff had failed to submit an application for a conditional use permit. (Id. at 22.) Plaintiff was also informed that plaintiff's "current location did not meet location and zoning requirements as it was

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

within 600 feet of a public or private school[.]" (Id.) On November 25, 2014, the City Council voted to extend "the existing . . . deadline to May 31, 2015, for only those dispensaries who have submitted a conditional use permit by" December 31, 2014. (Id. at 29.)

At that time, of the 31 dispensaries eligible to apply for a conditional use permit, plaintiff was the only dispensary that had failed to do so. (Id. at 26.) As a result, "all dispensaries (except Plaintiff" were granted an extension of the deadline to obtain a conditional use permit to May 31, 2015. (Id. at 29.) Plaintiff attempted to submit a conditional use permit application on January 2, 2015, but was refused. (Id. at 30.)

Pursuant to these allegations the amended complaint asserts violations of plaintiff's rights under the Fifth and Fourteenth Amendment, to substantive due process, equal protection, and for wrongful arrest, as well as several state law causes of action. (Id. at 37-55.) Defendant City of Sacramento filed the pending motion to dismiss on November 21, 2018. (ECF No. 37.) Plaintiff filed an opposition on November 1, 2019. (ECF No. 43.) Defendant filed a reply on February 6, 2019. (ECF No. 44.)

On May 28, 2019, plaintiff filed a motion seeking leave to file a second amended complaint, as well as a motion for default judgment against defendant City of Sacramento. (ECF Nos. 49 & 50.) Plaintiff filed a second motion for default judgment against defendant City of Sacramento on July 15, 2019. (ECF No. 54.)

**STANDARDS**

I. <u>Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)</u>

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. <u>N. Star Int'l v. Ariz. Corp. Comm'n</u>, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that

////

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

## ANALYSIS

**I.    Plaintiff's Motions**

Plaintiff's motions for further leave to amend and for default judgment were not noticed on the undersigned's law and motion calendar as required by Local Rule 230. Plaintiff's motion

for further leave to amend does not include a copy of a proposed second amended complaint as required by Local Rule 137(c). And, as addressed below, the undersigned finds that granting plaintiff further leave to amend with respect to claims that the court would have federal question jurisdiction over would be futile.

With respect to plaintiff's motions for default judgment, default judgment is appropriate where—after defendant's default has been entered—the court finds that "a defendant's failure to appear 'makes a decision on the merits impracticable, if not impossible[.]'" Craigslist, Inc. v. Naturemarket, Inc., 694 F.Supp.2d 1039, 1061 (N.D. Cal. 2010) (quoting Pepsico, Inc. v. Cal. Sec. Cans, 238 F.Supp.2d 1172, 1177 (C.D. Cal. 2002)). Here, defendant City of Sacramento is not in default, has appeared, and has filed a responsive pleading to the amended complaint, i.e., the pending motion to dismiss.

Accordingly, the undersigned recommends that plaintiff's motion for further leave to amend and motions for default judgment be denied.

## II.    Defendant's Motion to Dismiss

### A.    Rule 8

Defendant first argues that the amended complaint should be dismissed for failure to comply with the pleading requirements of Rule 8. (Def.'s MTD (ECF No. 37-1) at 3.) Defendant's argument is well taken. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

Here, plaintiff's amended complaint is essentially a laundry list of allegations without any explanation as to how those allegations support a specific cause of action. And the amended

complaint fails to clearly allege what cause of action is asserted against which of the ten defendants named in the amended complaint.

### B. Statute of Limitations

Defendant next notes that "[a]s determine by this court with regard to the federal claims in Plaintiff's original Complaint, allegations occurring prior to November 10, 2014, are barred by the statute of limitations." (Def.'s MTD (ECF No. 37-1) at 4.) In this regard, the federal claims asserted in the amended complaint are brought pursuant to 42 U.S.C. § 1983. (Am. Compl. (ECF No. 33) at 4.) Title 42 U.S.C. § 1983 provides that,

> [e]very person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

§ 1983 does not contain a specific statute of limitations. "Without a federal limitations period, the federal courts 'apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law.'" Butler v. National Community Renaissance of California, 766 F.3d 1191, 1198 (9th Cir. 2014) (quoting Canatella v. Van De Kamp, 486 F.3d 1128, 1132 (9th Cir. 2007)); see also Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004). Before 2003, California's statute of limitations for personal injury actions was one year. See Jones, 393 F.3d at 927. Effective January 1, 2003, however, that limitations period became two years. See id.; Cal. Code Civ. P. § 335.1.

Here, plaintiff commenced this action on November 10, 2016. (ECF No. 1.) Thus, any claims accruing prior to November 10, 2014, would be barred by the applicable statute of limitations. And claims identified for the first time in the amended complaint filed on June 21, 2018 occurring prior to June 21, 2016, would also be barred unless those claims related back to the filing of the original complaint. See generally Butler v. National Community Renaissance of California, 766 F.3d 1191, 1204 (9th Cir. 2014).

At least with respect to defendant City of Sacramento, the factual allegations of the amended complaint largely concern pre-November 10, 2014 conduct—dating as far back as

"2009." (Am. Compl. (ECF No. 33) at 7.) The amended complaint does allege that on November 25, 2014, the City Council voted to extend "the existing . . . deadline to May 31, 2015, for only those dispensaries who have submitted a conditional use permit by" December 31, 2014. (Id. at 29.) It is unclear, however, how that allegation alone would support a cause of action pursuant to 42 U.S.C. § 1983.

**C.    Due Process**

"'Due process of law is secured against invasion by the federal Government by the Fifth Amendment and is safeguarded against state action in identical words by the Fourteenth.'" Malloy v. Hogan, 378 U.S. 1, 24 (1964) (quoting Betts v. Brady, 316 U.S. 455, 462 (1942)). "There are two possible forms of a due process claim: substantive and procedural." Friends of Roeding Park v. City of Fresno, 848 F.Supp.2d 1152, 1163-64 (E.D. Cal. 2012). To state a substantive due process claim, plaintiff must allege "a state actor deprived [him] of a constitutionally protected life, liberty, or property interest." Shanks v. Dressel, 540 F.3d 1082, 1087 (9th Cir. 2008). In this regard, substantive Due Process, "forbids the government from depriving a person of life, liberty, or property in such a way that 'shocks the conscience' or 'interferes with rights implicit in the concept of ordered liberty.'" Nunez v. City of Los Angeles, 147 F.3d 867, 871 (9th Cir. 1998) (quoting Rochin v. California, 342 U.S. 165, 172 (1952)). To state a procedural due process claim, plaintiff must allege: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections. Kildare v. Saenz, 325 F.3d 1078, 1085 (9th Cir. 2003).

However, even where "state law creates a property interest, not all state-created rights rise to the level of a constitutionally protected interest." Brady v. Gebbie, 859 F.2d 1543, 1548 n.3 (9th Cir. 1988). In this regard, there can be no legally protected interest in contraband. See United States v. Jeffers, 342 U.S. 48, 53 (1951); see also Cooper v. City of Greenwood, Mississippi, 904 F.2d 302, 305 (5th Cir. 1990) ("Courts will not entertain a claim contesting the confiscation of contraband per se because one cannot have a property right in that which is not subject to legal possession.").

////

As federal law bans the cultivation, possession, and sale of marijuana, "federal law does not recognize any protectible liberty or property interest in the cultivation, ownership, or sale of marijuana." Citizens Against Corruption v. County of Kern, Case No. 1:19-CV-0106 AWI GSA JLT, 2019 WL 1979921, at *3 (E.D. Cal. May 3, 2019). "The same principle holds true for any governmental taking of personal property under the Fifth Amendment." Torres v. County of Calaveras, Case No. 1:17-CV-1568 AWI SKO, 2018 WL 1763245, at *2 (E.D. Cal. Apr. 12, 2018).

Moreover, the factual allegations of the amended complaint fail to explain how defendant allegedly violated plaintiff's right to due process. The amended complaint alleges that plaintiff "performed substantial work and incurred substantial liabilities in good faith reliance upon the permit process," thus acquiring "a vested right." (Am. Compl. (ECF No. 33) at 37.) The allegations of the amended complaint, however, acknowledge that plaintiff failed to comply with the permitting process by failing to submit a timely application for a conditional use permit. (Id. at 22, 30.)

The amended complaint alleges that the failure to submit a timely application for a conditional use permit was the result of an erroneous measurement resulting in the finding that plaintiff's proposed property was within 600 feet of a school. (Id. at 23, 38-39.) However, even accepting this assertion as true, the amended complaint does not explain how that is the fault of defendant City of Sacramento. See generally Castro v. County of Los Angeles, 833 F.3d 1060, 1073 (9th Cir. 2016) (en banc) ("municipality may not be held liable for a § 1983 violation under a theory of respondeat superior for the actions of its subordinates").

### D. Equal Protection

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985); see also Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001). To state a viable claim under the Equal Protection Clause, a plaintiff "must plead intentional unlawful discrimination or allege facts that are at least susceptible of an

inference of discriminatory intent." Monteiro v. Tempe Union High Sch. Dist., 158 F.3d 1022, 1026 (9th Cir. 1998). "Intentional discrimination means that a defendant acted at least in part because of a plaintiff's protected status." Serrano v. Francis, 345 F.3d 1071 (9th Cir. 2003) (quoting Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir. 1994)).

Here, the amended complaint does not allege that plaintiff is a member of a protected class. The complaint does, however, allege that defendant violated plaintiff's right to equal protection by "intentionally treating Plaintiff differently from others similarity (sic) situated without a rational basis for such treatment." (Am. Compl. (ECF No. 33) at 41.) In this regard, defendant denied plaintiff "the opportunity to continue the permitting process while allowing other dispensaries to continue to operate[.]" (Id.)

The law recognizes "successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). "In order to claim a violation of equal protection in a class of one case, the plaintiff must establish that the City intentionally, and without rational basis, treated the plaintiff differently from others similarly situated." North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008). Class-of-one plaintiffs "must show an extremely high degree of similarity between themselves and the persons to whom they compare themselves." Clubside, Inc. v. Valentin, 468 F.3d 144, 159 (2nd Cir. 2006).

The amended complaint argues that the November 25, 2014 decision to require all dispensaries to submit a conditional use permit application prior to December 31, 2014, "was intentionally designed to impact Plaintiff solely" because plaintiff "was the only dispensary that had yet to submit a conditional use permit application. (Am. Compl. (ECF No. 33) at 30.) Plaintiff's failure to submit a timely conditional use permit application, however, is what makes plaintiff unique from the other dispensary applicants. As the amended complaint alleges, "all other dispensaries" submitted timely conditional use permit applications. (Id. at 30.)

Although the amended complaint does include vague and conclusory allegations that other dispensaries failed to comply with various applicable laws and regulations, the amended

complaint does not allege that another dispensary failed to submit a timely conditional use permit application but none the less received better treatment than the plaintiff. Thus, even accepting the amended complaint's allegations as true, the amended complaint fails to allege facts showing that the defendant intentionally treated plaintiff differently from other applicants. See generally Gerhart v. Lake County, Mont., 637 F.3d 1013, 1022 (9th Cir. 2011) ("Gerhart must show that the Commissioners intended to treat him differently from other applicant").

### E. Veteran's Status Discrimination

The amended complaint alleges that on January 2, 2015, the defendant "concealed tacit information . . . negligently" by failing to disclose to plaintiff that California Business & Professions Code § 16001.7 provided that veterans may "hawk, peddle, and vend any goods . . . without payment of any business license fee[.]" (Am. Compl. (ECF No. 33) at 33, 52.) The Uniform Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 28 U.S.C. § 4301-4333, does prohibit employment discrimination against veterans. "A violation of USERRA occurs when a person's 'membership, application for membership, service, application for service, or obligation for service in the uniformed services is a motivating factor in the employer's action[.]'" Leisek v. Brightwood Corp., 278 F.3d 895, 898 (9th Cir. 2002) (quoting 38 U.S.C. § 4311(c)(1)).

This action, however, does not concern employment. Moreover, the amended complaint does not allege that defendant intentionally discriminated against plaintiff due to plaintiff's status as a veteran—only that the defendant was negligent by failing to disclose § 16001.7.

### F. Wrongful Arrest

The amended complaint alleges that plaintiff was "wrongfully and falsely arrested by city police on Feb. 6, 2018, in retaliation for submitting this complaint[.]" (Am. Compl. (ECF No. 33) at 54.) "'[A]n arrest without probable cause violates the Fourth Amendment and gives rise to a claim for damages under § 1983.'" Lee v. City of Los Angeles, 250 F.3d 668, 685 (9th Cir. 2001) (quoting Borunda v. Richmond, 885 F.2d 1384, 1391 (9th Cir. 1988)).

However, "[i]n Monell v. Department of Social Services, 436 U.S. 658 (1978), the Supreme Court held that a municipality may not be held liable for a § 1983 violation under a

theory of respondeat superior for the actions of its subordinates." Castro, 833 F.3d at 1073. In this regard, "[a] government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (citing Monell, 436 U.S. at 694).

To sufficiently plead a Monell claim, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." AE ex rel. Hernandez v. Cnty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (quoting Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011)). At a minimum, the complaint should "identif[y] the challenged policy/custom, explain[ ] how the policy/custom was deficient, explain[ ] how the policy/custom caused the plaintiff harm, and reflect[ ] how the policy/custom amounted to deliberate indifference[.]" Young v. City of Visalia, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009); see also Little v. Gore, 148 F.Supp.3d 936, 957 (S.D. Cal. 2015) ("Courts in this circuit now generally dismiss claims that fail to identify the specific content of the municipal entity's alleged policy or custom.").

Here, the amended complaint does not identify a challenged policy or custom that resulted in plaintiff's false arrest. Moreover, in Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that a plaintiff may not prevail on § 1983 claim if doing so "would necessarily imply the invalidity" of plaintiff's conviction arising out of the same underlying facts as those at issue in the civil action "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487. Thus, "Heck says that 'if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed.'" Smith v. City of Hemet, 394 F.3d 689, 695 (9th Cir. 2005) (quoting Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996)).

"Consequently, 'the relevant question is whether success in a subsequent § 1983 suit would 'necessarily imply' or 'demonstrate' the invalidity of the earlier conviction or sentence[.]" Beets v. County of Los Angeles, 669 F.3d 1038, 1042 (9th Cir. 2012) (quoting Smithart, 79 F.3d

11

at 951).  It is the defendant's burden to show that a plaintiff's claim is barred by Heck.  See Sanford v. Motts, 258 F.3d 1117, 1119 (9th Cir. 2001).

And the Younger abstention doctrine generally forbids federal courts from interfering with ongoing state judicial proceedings.  See Younger v. Harris, 401 U.S. 37, 53-54 (1971); Kenneally v. Lungren, 967 F.2d 329, 331 (9th Cir. 1992).  "Younger abstention is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges."  ReadyLink Healthcare, Inc. v. State Compensation Ins. Fund, 754 F.3d 754, 759 (9th Cir. 2014).  "If these four threshold elements are established, we then consider a fifth prong: (5) 'whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to Younger applies.'"  Rynearson v. Ferguson, 903 F.3d 920, 924-25 (9th Cir. 2018) (quoting ReadyLink, 754 F.3d at 759)).

Here, the amended complaint alleges that "the sac county DA continue[s] to prosecute Plaintiff" as a result of plaintiff's arrest.  (Am. Compl. (ECF No. 33) at 55.)  Thus, plaintiff's wrongful arrest claim appears to be barred by Younger or Heck.  See King v. County of Los Angeles, 885 F.3d 548, 559 (9th Cir. 2018) ("Younger established a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances."); Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998) (holding that Heck barred false arrest and false imprisonment claims until conviction was invalidated).

### III.     Leave to Amend

For the reasons stated above, the undersigned will recommend that defendant's motion to dismiss be granted as to the amended complaint's claims arising under federal law.  The undersigned has carefully considered whether plaintiff could further amend the complaint to state a claim upon which relief can be granted.  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall

be freely given, the court does not have to allow futile amendments). However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972)); see also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

Here, given the deficiencies noted above, the undersigned finds that it would be futile to grant plaintiff further leave to amend.

**IV.     State Law Claims**

As noted above, in addition to the claims addressed above, the amended complaint alleges a number of state law causes of action. A district court may decline to exercise supplemental jurisdiction over state law claims if the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). The court's discretion to decline jurisdiction over state law claims is informed by the values of judicial economy, fairness, convenience, and comity. Acri v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc). In addition, "[t]he Supreme Court has stated, and [the Ninth Circuit] ha[s] often repeated, that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'" Acri, 114 F.3d at 1001 (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988)); see also Satey v. JP Morgan Chase & Co., 521 F.3d 1087, 1091 (9th Cir. 2008) (recognizing this principle but noting that dismissal of the remaining state law claims is not mandatory).

Of course, "primary responsibility for developing and applying state law rests with the state courts." Curiel v. Barclays Capital Real Estate Inc., Civ. No. S-09-3074 FCD KJM, 2010 WL 729499, at *1 (E.D. Cal. Mar. 2, 2010). Here, consideration of judicial economy, fairness, convenience, and comity all point toward declining to exercise supplemental jurisdiction.

////

13

1   Therefore, the undersigned will recommend that the court decline to exercise

2   supplemental jurisdiction over the amended complaint's state law claims.

**V.      Unserved Defendants**

In addition to defendant City of Sacramento, the amended complaint names nine individual defendants. (Am. Compl. (ECF No. 33) at 1.) At the outset of this action, plaintiff was served with a litigant letter that advised plaintiff that Rule 4 of the Federal Rules of Civil Procedure ("Rule") provides that if a defendant was not served within 90 days the defendant would be dismissed from the action without prejudice. (ECF No. 3 at 1.)

On October 12, 2018, the court issued summons for service of the amended complaint on the named individual defendants. (ECF No. 34.) The 90 days allowed for service have long since passed. Plaintiff has not filed proof of service on any of those defendants—a fact noted in defendant's motion to dismiss. (Def.'s MTD (ECF No. 37-1) at 6.)

> Rule 4(m) provides two avenues for relief. The first is mandatory: the district court must extend time for service upon a showing of good cause. The second is discretionary: if good cause is not established, the district court may extend time for service upon a showing of excusable neglect.

Crowley v. Bannister, 734 F.3d 967, 976 (9th Cir. 2013) (quoting Lemoge v. United States, 587 F.3d 1188, 1198 (9th Cir. 2009)). Here, plaintiff has shown neither good cause nor excusable neglect.

Moreover, a district court may *sua sponte* dismiss claims asserted against a non-moving defendant where the non-moving defendant is in a similar position to that of a moving defendant. See Abagninin v. AMVAC Chemical Corp., 545 F.3d 733, 742 (9th Cir. 2008) ("As a legal matter, we have upheld dismissal with prejudice in favor of a party which had not appeared, on the basis of facts presented by other defendants which had appeared."); Silverton v. Department of Treasury of U. S. of America, 644 F.2d 1341, 1345 (9th Cir. 1981) ("A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related.").

////

14

**CONCLUSION**

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that the Clerk of the Court randomly assign a District Judge to this action.

Also, IT IS HEREBY RECOMMENDED that:

1. Defendant's November 21, 2018 motion to dismiss (ECF No. 37), be granted in part;

2. The June 21, 2018 amended complaint's claims arising under federal law be dismissed without leave to amend;

3. The court decline to exercise supplemental jurisdiction over the amended complaint's state law claims;

4. The amended complaint's state law claims be dismissed without prejudice;

5. Plaintiff's May 28, 2019 motion for leave to amend (ECF No. 49) be denied;

6. Plaintiff's May 28, 2019 motion for default judgment (ECF No. 50) be denied;

7. Plaintiff's July 15, 2019 motion for default judgment (ECF No. 54) be denied; and

8. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 31, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.consent/vail2673.mtd2.f&rs

15